NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER PINEDA SALGADO, | No. 19-72350 |
| Petitioner, | Agency No. A070-928-353 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022[**]
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Javier Pineda Salgado, a native and citizen of Mexico, petitions for review of

the Immigration Judge's (IJ) decision affirming the asylum officer's negative

reasonable fear determination. Salgado claims that the IJ deprived him of his right

to counsel by conducting portions of the reasonable fear hearing without his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

attorney. Because Salgado failed to exhaust his claim, we lack jurisdiction and dismiss the petition.

We may review a final order of removal only if the petitioner "has exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1). Section 1252(d)(1)'s exhaustion requirement is a "prerequisite to our jurisdiction" and "generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). If an alien fails to raise his right to counsel claim before the IJ, then the exhaustion requirement is not satisfied. *See id.* at 678; *Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009).

Before the IJ, Salgado never argued that his right to counsel was violated. At the September 9, 2019, hearing, Salgado's attorney failed to enter his appearance even after the IJ granted him multiple continuances to do so. So, the IJ proceeded without Salgado's attorney, but Salgado did not object. Later that day, when Salgado's attorney was finally able to enter his appearance, the attorney requested an additional continuance instead of objecting to the proceedings conducted in his absence. Finally, at the September 13, 2019, hearing, Salgado's new counsel never argued that Salgado had been previously deprived of his right to counsel at the September 9 hearing. Therefore, Salgado did not exhaust his right to counsel claim.

**DISMISSED.**

2